UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA MCCANN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**DECISION AND ORDER**

1:18-CV-00472 EAW

---

## **INTRODUCTION**

Represented by counsel, plaintiff Lisa McCann ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying in part her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 12; Dkt. 18), and Plaintiff's reply (Dkt. 19). For the reasons discussed below, the Commissioner's motion (Dkt. 18) is denied, Plaintiff's motion (Dkt. 12) is granted in part, and this matter is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed her application for SSI on April 15, 2014. (Dkt. 6 at 15, 64).[1] In her application, Plaintiff alleged disability beginning January 1, 2014, due to carpal tunnel in both wrists, depression, and anxiety. (*Id.* at 64). Plaintiff's application was initially denied on September 9, 2014. (*Id.* at 79-83). At Plaintiff's request, a video hearing was held on May 19, 2017, before administrative law judge ("ALJ") Christine Cutter, who presided over the hearing from Portland, Maine. (*Id.* at 37-38). Although Plaintiff did not personally appear, Plaintiff's counsel appeared on her behalf. (*Id.* at 38-39). On June 7, 2017, the ALJ issued a partially favorable decision finding Plaintiff was not disabled prior to May 19, 2017, but had become disabled on that date. (*Id.* at 11-28). Plaintiff requested Appeals Council review; her request was denied on February 27, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-7). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C.

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

§ 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 1, 2014, the alleged onset date. (Dkt. 6 at 17).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of osteoarthritis and an affective disorder. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of hypertension, carpal tunnel syndrome, anxiety, and alcohol abuse were non-severe. (*Id.* at 17-18).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 18).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a range of light work as defined in 20 C.F.R. § 416.967(b), with the additional limitations that Plaintiff:

> can occasionally climb ramps, stairs, ladders, ropes and scaffolds, stop, kneel, crouch and crawl; can perform simple, routine tasks, adapt to simple changes in work routine and make basic work decisions; and needs to use a cane when walking.

(*Id.* at 18-19). At step four, the ALJ found that Plaintiff did not have any past relevant work. (*Id.* at 21).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, prior to May 19, 2017, considering Plaintiff's age, education, work

experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of small products assembler, cashier/parking lot, and plastic hospital products assembler. (*Id.* at 22). Consequently, the ALJ found Plaintiff was not disabled prior to May 19, 2017. (*See id.*). However, the ALJ found that beginning on May 19, 2017, Plaintiff's age category changed to an individual of advanced age and, thus, Plaintiff was disabled after that date "by direct application of Medical-Vocational Rule 202.04." (*Id.*).

## II. Remand of this Matter for Further Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner. Plaintiff argues the ALJ erred by: (1) failing to reconcile her RFC assessment with psychiatric consultative examiner Dr. Renee Baskin's opinion that Plaintiff was moderately limited in making appropriate decisions, relating adequately with others, and dealing with stress; and (2) failing to comply with the treating physician rule by not giving "good reasons" to reject Plaintiff's treating physician Dr. Hongbiao Liu's opinions. (Dkt. 12-1 at 16-30). For the reasons discussed below, the Court concludes remand is necessary as the ALJ erred by failing to make specific findings about how Plaintiff's moderate limitation in dealing with stress affects her ability to work.

### A. The RFC Assessment Does Not Account for the Stress Limitations Found by Dr. Baskin

Plaintiff argues the ALJ's RFC assessment conflicts with Dr. Baskin's opinion that Plaintiff has moderate limitations in making appropriate decisions, relating adequately with others, and dealing appropriately with stress. (*Id.* at 18). The Commissioner argues the

RFC assessment limiting Plaintiff to simple, routine tasks (unskilled work) sufficiently accounted for the moderate limitations identified by Dr. Baskin. (Dkt. 18-1 at 22-23).

The Commissioner is correct to the extent that he argues that the ALJ sufficiently accounted for Plaintiff's moderate limitations in making appropriate decisions and relating adequately with others by limiting Plaintiff to simple, unskilled work. (*Id.* at 23). *See Moxham v. Comm'r of Soc. Sec.*, No. 3:16-CV-1170 (DJS), 2018 WL 1175210, at *9 (W.D.N.Y. Mar. 27, 2019) (RFC assessment limiting Plaintiff to "simple tasks, simple instructions, frequent interaction with supervisors, coworkers, and the public, and decisions on simple work-related matters" adequately accounted for doctor's opinion that the plaintiff had moderate limitations in making appropriate work decisions and maintaining a regular schedule); *Carthron-Kelly v. Comm'r of Soc. Sec.*, No. 5:15-CV-0242 (GTS/WBC), 2017 WL 9538379, at *7 (N.D.N.Y. Sept. 25, 2017) (RFC assessment limiting the plaintiff to unskilled work accounted for doctor's opinion that the plaintiff had moderate limitations in her ability to interact with others).

However, "[b]ecause stress is 'highly individualized,' [and] mentally impaired individuals 'may have difficulty meeting the requirements of even so-called "low-stress[] jobs,'" . . . the Commissioner must . . . make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." *Collins v. Colvin*, No. 15-CV-423-FPG, 2016 WL 5529424, at *3 (W.D.N.Y. Sep. 30, 2016) (quoting *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006)). "Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental

impairments." *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996). Thus, "[a]n ALJ is required to specifically inquire into and analyze a claimant's ability to manage stress." *Collins*, 2016 WL 5529424, at *3 (citing *Haymond v. Colvin*, No. 1:11-CV-0631 (MAT), 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014)). An ALJ's failure to explain or account for stress limitations in the RFC—particularly when opined by an acceptable medical source given great weight—is an error that requires remand. *Booker v. Colvin*, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) (citing *Lomax v. Comm'r of Soc. Sec.*, No. 09-CV-1451, 2011 WL 2359360, at *3 (E.D.N.Y. June 6, 2011)).

In this case, the ALJ gave great weight to Dr. Baskin's opinion. (Dkt. 6 at 21). Dr. Baskin opined that Plaintiff had moderate limitations in appropriately dealing with stress. (Dkt. 6 at 290). However, the ALJ's RFC assessment neither addresses nor expressly accounts for Plaintiff's specific stress limitation as set out by Dr. Baskin's opinion. "It is plainly improper for an ALJ to cherry-pick evidence that supports a finding of not-disabled while ignoring other evidence favorable to the disability claimant." *Starzynski v. Colvin*, No. 1:15-cv-00940(MAT), 2016 WL 6956404, at *3 (W.D.N.Y. Nov. 29, 2016) (citing *Trumpower v. Colvin*, No. 6:13-cv-6661 (MAT), 2015 WL 162992, at *16 (W.D.N.Y. Jan. 13, 2015)). The Commissioner must address the totality of a medical opinion to which it assigns great weight. *Pike v. Colvin*, No. 14-CV-159-JTC, 2015 WL 1280484, at *7 (W.D.N.Y. Mar. 18, 2015) (holding that an ALJ's "cherry-pick[ing]" of evidence by

disregarding certain restrictions was an inconsistent use of a doctor's opinion and insufficient to support the RFC assessment warranted remand).

The Commissioner cites cases in support of his argument that a moderate limitation in dealing with stress may be accounted for by an RFC assessment limiting a plaintiff to unskilled, simple work. (Dkt. 18-1 at 23). These cases are inapposite. In *Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384 (W.D.N.Y. 2018), the court found the ALJ had adequately accounted for the plaintiff's moderate limitation in handling stress by limiting the plaintiff, in part, to work "without an hourly, machine-driven assembly line production rate." By contrast, here, the ALJ's RFC assessment did not include such a limitation. Similarly, in *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *13 (W.D.N.Y. Mar. 6, 2018), the court found the ALJ's RFC assessment incorporated the plaintiff's moderate limitation in dealing with stress by finding the plaintiff "could not engage in fast-paced or assembly line work." Again, the ALJ's RFC assessment in this case did not include a finding that Plaintiff could not engage in fast-paced or assembly line work. Accordingly, the cited cases do not support the Commissioner's broad proposition that unskilled, simple work is categorically sufficient to account for a plaintiff's limitations in dealing with stress.

The ALJ's RFC assessment limiting Plaintiff to simple, unskilled work does not account for the factors influencing Plaintiff's ability to handle stress at work. The ALJ did not make the requisite specific findings about the nature of Plaintiff's stress, the circumstances that trigger it, and how those factors affect her ability to work. Thus, the ALJ's RFC assessment was not supported by substantial evidence and remand is required.

*See Corbeil v. Saul*, No. 17-CV-01321, 2019 WL 2590606, at *6 (W.D.N.Y. June 25, 2019) (remand necessary as the ALJ "was required to do more than merely limit [the plaintiff's] RFC to simple work" where doctors had identified moderate limitations in dealing with stress); *Cooley v. Berryhill*, No. 6:16-CV-06301-EAW, 2017 WL 3236446, at *12 (W.D.N.Y. July 31, 2017) (although ALJ's RFC assessment limited Plaintiff to simple, unskilled work, remand required as "the ALJ did not expressly discuss how Plaintiff's stress limitations were incorporated into the ALJ's RFC finding"); *Booker*, 2015 WL 4603958, at *3 (remand required "for the ALJ to consider the extent, if any, that Plaintiff's difficulties with stress impact his ability to perform the non-exertional demands of unskilled, competitive, remunerative work on a sustained basis").

### B. **Plaintiff's Remaining Argument**

As set forth above, Plaintiff also argues the ALJ erred by failing to comply with the treating physician rule. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Insalaco v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 401, 410 (W.D.N.Y. 2019) (declining to reach additional arguments where the court had determined remand for further administrative proceedings was necessary); *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach remaining arguments where the court had already determined remand was warranted).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 18) is denied, Plaintiff's motion for judgment on the pleadings (Dkt. 12) is granted in part, and the matter is remanded for further administrative proceedings consistent with this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 13, 2020
Rochester, New York